IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| EDGAR E. WOODRUFF, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 21-03203-CV-S-DPR ) |
| CHRIS CRAIN, | ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is Plaintiff's Application for Leave to File Action Without Payment of Fees. (Doc. 1.) Motions to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. Pursuant to Section 1915(e), a motion to proceed without paying the filing fee should be denied – and the case should be dismissed – if the action is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[1] In order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A pro se complaint is construed "liberally, but the complaint must still allege sufficient facts to support the claims advanced." *Sandknop v. Missouri Dep't of Corr.*, 932 F.3d 739, 741 (8th Cir. 2019).

In addition, before considering whether a plaintiff should be allowed to proceed *in forma pauperis*, the court must confirm that jurisdiction is proper. E.g., *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990); *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014).

---

[1] A person seeking leave to proceed *in forma pauperis* must also establish an inability to pay the fees without giving up the basic necessities of life, which Plaintiff has done.

Per Federal Rule of Civil Procedure 12(h)(3), when a court lacks subject-matter jurisdiction, it "must dismiss the action."

In this matter, Plaintiff names Chris Crain, R.Ph, ("Crain") as Defendant. Plaintiff's proposed complaint asserts that this Court has federal question jurisdiction, but does not identify a federal statute, constitutional provision, or other federal law at issue. (Doc. 1-4 at 3.) Plaintiff alleges the following facts in support of his claim:

> I was falsely accused of terroristic threats against Medicenter pharmacy and 12 employees. Chris Crain R.Ph., conspired and colluded with Lisa E., at the Board of Pharmacies in Jefferson City Mo., to have these charges filed against me, stating I had contacted Chris Crain R.Ph., and threatened to come in and shoot up the place on February 11th 2021, at 12:00. Medicenter pharmacy at 811 E Division St. Springfield Mo. 65803.

*Id*. at 5. For the relief sought, Plaintiff requests, "Federal conspiracy and collusion charges to be filed 1 billion dollars per day for each day I was incarcerated revoke liscence [sic], deny any pension or retirement pay, prosecute." *Id*.

Upon review, Plaintiff's motion should be denied for two reasons. First, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In general, a federal district court has original federal question jurisdiction if the case arises under the United States Constitution or federal law. 28 U.S.C. § 1331. A federal district court also has original diversity of citizenship jurisdiction over cases (1) "between . . . citizens of different states" and (2) when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1).

In this case, Plaintiff claims the Court has federal question jurisdiction. He alleges "federal conspiracy and collusion," but does not identify a federal statute or constitutional provision from which his claim(s) arises. In addition, Plaintiff alleges Crain is an employee of

"Medicenter Pharmacy, JKL Pharmaceutical" but makes no claim that Crain is a public officer. (Doc. 1-4 at 2.) To the extent Plaintiff attempts to invoke federal question jurisdiction under 42 U.S.C. § 1983, he fails to adequately allege that Crain deprived him of a federal right while acting under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 638 (1980); *Martin v. Legal Servs. of Eastern Missouri*, No. 4:21-cv-957-JAR, 2021 WL 3418963, at *2 (E.D. Mo. Aug. 4, 2021) (finding lack of federal question jurisdiction where the plaintiff "did not allege that any of her federally-protected rights were violated, nor does she allege the defendant acted under color of state law or took action that could be 'fairly attributable to the State,' as required to state a § 1983 claim"). As a result, the Court lacks subject-matter jurisdiction, and the matter should be dismissed.[2]

Second, even if Plaintiff had adequately asserted federal question jurisdiction, his proposed complaint fails to state a claim upon which relief may be granted. Liberally construed, Plaintiff appears to assert a malicious prosecution claim against Crain.[3] To the extent such claims are brought under Section 1983, however, malicious prosecution is not a constitutional injury. *See Kurtz v. City of Shrewsbury,* 245 F.3d 753, 758 (8th Cir.2001) ("this court has uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury"); *Tech. Ordnance, Inc. v. United States,* 244 F.3d 641, 650 (8th Cir.2001) ("The general rule is that an action for malicious prosecution does not state a claim of constitutional injury.") Further, the proposed complaint summarily alleges wrongdoing

---

[2] Plaintiff also has not shown the existence of diversity jurisdiction, as he provides a Missouri address for both himself and Crain and states that both parties are citizens of this state. (Doc. 1-4 at 2, doc. 1-5.)

[3] The undersigned notes that under Missouri law, an essential element of a claim for malicious prosecution is the termination of the criminal prosecution in the plaintiff's favor. While not an official court record, the website of Missouri Case.net indicates that an Edgar E. Woodruff, residing at 1445 E Commercial St, Apt B, Springfield MO, was the defendant in criminal case number 2131-CR00121, filed in the Circuit Court of Greene County on February 11, 2021, and charging him with the crime of Making a Terrorist Threat in violation of Section 574.125 RSMo. Further, on April 14, 2021, the defendant entered a guilty plea to said charge and was sentenced. As a result, it appears the criminal prosecution of which Plaintiff complains did not terminate in his favor, as he was adjudicated guilty of making a terrorist threat, raising serious doubts as to the verity of his claim that he was "falsely accused."

3

by Crain but provides no plausible facts or other details in support. *Iqbal*, 556 U.S. at 678. Plaintiff also summarily alleges conspiracy and collusion but fails to identify any facts that would plausibly support such claims. *See Holmes v. Slay*, 895 F.3d 993, 1001 (8th Cir. 2018) (recognizing that to state a conspiracy claim under Section 1983, a plaintiff "must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement"). Finally, Plaintiff fails to state a claim regarding his request that Crain be "prosecuted," as this Court has no authority to order criminal charges be brought against Crain. *United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion"). For all these reasons, Plaintiff's proposed complaint lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

Based on the foregoing, the Clerk's Office is directed to randomly reassign this action to an Article III District Judge to be dismissed for lack of jurisdiction.[4] The Clerk's Office shall also send a copy of this Order to Plaintiff via regular mail.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: August 12, 2021

---

[4] The undersigned lacks the authority to dismiss this matter, as all parties have not yet consented to magistrate judge jurisdiction as required by 28 U.S.C. § 636(c)(2).